**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOUISE ANDRICH, an individual, | No. 22-16226 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02212-DWL |
| and | |
| MARY GOSS; JESSICA ANDRICH, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| GUS KOSTAS, Officer, #5854; et al., | |
| Defendants-Appellees, | |
| and | |
| ANGELA HERNANDEZ, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted September 13, 2023
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this 42 U.S.C. § 1983 action, Louise Andrich ("Plaintiff") challenges on appeal a summary judgment in favor of two City of Phoenix police officers and a Rule 12(b)(6) dismissal in favor of the City. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. The district court correctly found that there was no genuine dispute about the following material facts. *See* Fed. R. Civ. P. 56(a).

- On June 11, 2018, Phoenix police officers and a Crisis Intervention Team were called to a Phoenix hotel after Alexandre Andrich, Plaintiff's brother, smoked in his room against hotel policy and slammed his door in the staff's faces. When the officers arrived at the hotel, Andrich barricaded himself in the room and refused to leave.

- The next day, Officers Gus Kostas and Brian Peters responded to a call from the hotel stating that Andrich was trespassing. Peters first encountered Andrich walking away from the hotel and told him not to go back. But Andrich returned to the hotel shortly thereafter, and the two officers were again summoned. They encountered Andrich in the hotel lobby and followed him into the parking lot, where he ignored commands to stop.

- When the officers tried to handcuff Andrich, he forcibly resisted, exhibiting "superhuman strength," and shaking them off "like rag

dolls."

- Although the officers took Andrich to the ground, kicking and punching him, they were unable to secure handcuffs on both of his wrists.

- Although the officers subsequently twice used Tasers, they were still unable to subdue Andrich, who got up and walked away.

- As Kostas pursued him, Andrich manipulated a handcuff that the officers had only been able to attach to one of his wrists, holding the protruding metal claw of the open cuff in his hand.

- After Andrich turned toward Kostas, raising the metallic claw, Kostas, standing ten to twelve feet away, shot and killed him.

2. Given those undisputed facts, the district court did not err in concluding that Plaintiff had not established that the officers violated a "clearly established" right and that they therefore were entitled to qualified immunity. *See Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011). To demonstrate that a right was clearly established, a plaintiff must "*identify a case* where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment." *Sharp v. Cnty. of Orange*, 871 F.3d 901, 910-11 (9th Cir. 2017).

a. The primary case that Plaintiff relies upon, *Blankenhorn v. City of Orange*, did not involve similar circumstances, as it concerned officers who tackled a

3

cooperating suspect without first attempting to handcuff him. 485 F.3d 463, 478-80 (9th Cir. 2007). Similarly, in another case cited by Plaintiff, the suspect did not resist arrest. *Rice v. Morehouse*, 989 F.3d 1112, 1123 (9th Cir. 2021).

b. The use of Tasers also did not violate clearly established law. In the case Plaintiff cites, the officer used a Taser against a man who had not physically threatened the officer while the man was "twenty to twenty-five feet away and not attempting to flee." *Bryan v. MacPherson*, 630 F.3d 805, 822, 826-27 (9th Cir. 2010).

c. The shooting, while tragic, also did not violate clearly established law. The published opinions Plaintiff cites are materially dissimilar to this one. *See Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (decedent "did not point the gun at the officers and apparently was not facing them when they shot him"); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1233-34 (9th Cir. 2013) (decedent was complying); *S.B. v. Cnty. of San Diego*, 864 F.3d 1010, 1014 (9th Cir. 2017) (shooting of kneeling decedent by an officer not closest to him); *Hughes v. Kisela*, 862 F.3d 775, 780 (9th Cir. 2016) (decedent "did not raise the knife and did not make any aggressive or threatening actions"), *rev'd on other grounds*, 138 S. Ct. 1148 (2018); *Harris v. Roderick*, 126 F.3d 1189, 1203 (9th Cir. 1997) (decedent "made no aggressive move of any kind" and was running away from the officer); *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1116 (9th Cir. 2016) (material fact dispute

4

whether the decedent had threatened the officer before the shooting).

d. Kostas' failure to warn Andrich before shooting also did not violate clearly established law. Plaintiff again cites *Hayes*, but the decedent in that case was complying with the officer's directions before being shot. 736 F.3d at 1235.

3. The district court correctly dismissed Plaintiff's claim against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A complaint asserting *Monell* liability "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (cleaned up). The operative complaint failed to do so.

4. The district court did not abuse its discretion in denying leave to amend the *Monell* claim. "Leave to amend may [] be denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). Plaintiff had two prior opportunities to cure the deficiencies in her *Monell* claim, and the district court had previously identified the specific deficiencies in the complaint.

**AFFIRMED.**